CLIFTON CLAGGETT, *Judge of Probate,*
*vs.*
TIMOTHY HARDY *et a.*

Where a testator, by his will, ordered a sum of money to be paid out of his estate to *C. P.*, wife of *D. P.*, during her natural life, for her use and improvement, and directed the money, after her decease, to be divided equally among her children ; it was held, that the law made the executor a trustee to manage the fund and pay her the interest, and that he was entitled to retain the principal sum in his hands, during her life, or until the judge of probate should remove him and appoint another trustee ; although it was in terms directed to be paid to her ; such construction being necessary to give effect to the testator's intentions.

DEBT upon a probate bond. The defendants were defaulted ; and the question was, for what sum execution should be awarded ; and this question depended upon the construction to be given to certain clauses in the will of *Jonathan Hardy*, deceased. Those clauses were as follow :

" Firstly. I give and bequeath unto my wife, &c. one " third part of all my lands and buildings, the use and im- " provement thereof, during her natural life."

" I give and bequeath one third part of my personal " property to my wife."

" Secondly. I order, that all my estate shall be equally " divided among my children after paying my debts, &c., " and the several sums hereafter mentioned, viz. among my " children, *J. Hardy, John Hardy, T. Hardy, P. Hardy, S. " Hardy, Clarissa Pierce,* wife of *Daniel Pierce,* and *T.* " *Hardy.*"

" Thirdly. I order, that the sum of eighty-four dollars " be paid to *J. H.*, my son.

" Fourthly. I order, that $100 be paid to *P. H.*, my son.

" Fifthly. I order, that the sum of $199 be paid to *S.* " *H.*, my son.

"Sixthly. I order, that the sum of $275 16 be paid out " of my estate to *Clarissa Pierce*, wife of *Daniel Pierce*, dur- " ing her natural life, for her use and improvement.

"Seventhly. I order $300 to be paid to my son *J. H.*

"When the above sums are paid out to *John*, *Paul*, *Silas*, " *Clarissa*, and *Timothy*, it will be the sum of $300, each " one has received out of my estate, &c. ; and then the " estate is to be equally divided among my children.

"Provided however, that part, which is intended for the " said *Clarissa*, she is to have the use and improvement " thereof during her natural life ; and after her decease, I " give it to *A. P.*, &c., children of the said *D. P.* and *C. P.*, " to be equally divided."

The question was, whether the said *Daniel* and *Clarissa Pierce* were entitled to demand and receive from the executor, named in said will, the sum of $275 16, bequeathed to the said *Clarissa*, as aforesaid ?

*Woodbury*, for the plaintiff, contended, 1st. that a legacy to the wife is payable to the husband, and is under his absolute control. 2 *Salk.* 415.—1 *Equity Cases Ab.* 300.—*Reeve's Dom. Rela.* 60.

2dly. That by the will, under consideration, there was bequeathed, unconditionally, and directly to the wife of *Daniel P.* the sum of $275 16. The testator orders the above sum, and not the interest, to be *paid* to *C. P.*, and not *kept* by the executor, or some third person. The expressions, " during her natural life, for her use and improvement," mean only, that, if the testator die any time during her natural life, she shall have the legacy, although her name may have been changed. But if she die first, then the legacy shall not go to her husband or heirs. He adds, " for her " use and improvement," to strengthen this idea, that if the testator do not die, and the legacy vest during her natural life, it shall not go to the husband nor to his heirs ; since it is designed for her use and improvement. Our statute of February 3, 1789, (1 *N. H. Laws* 199,) and the statute of July 2, 1822, (3 *N. H. Laws* 13,) are different ; and hence the necessity of these expressions to prevent the legacy from vesting in her heirs, if the testator died first.

If the testator intended to give the wife only the interest
of the sum, he would have said so in so many words, and have ordered who should hold the principal sum, as trustee, and at what times, whether quarterly or otherwise, the interest should be paid ; and would also have ordered who else should have the principal, after the wife's death. Upon this construction, the wife of *D. P.* would nave only an equal share of the testator's estate with her brothers and sisters.

The clause at the close of the will refers only to the residue of the estate, after the payment of the particular legacies. This is evident from its subject-matter and phraseology ; and this residue being real estate, he might well enough give to her only a freehold in that, and the remainder to her heirs.

But if the sum of $275 16 was only intended for her use, during her life, it must be paid to her, or her husband ; because the will orders it to be paid to her, and to disobey the order is to make a new will. In all other bequests of a life estate in personal or real property, the person, who owns the life estate, has a right to the articles or the land specifically. 2 *Atkins* 217, *Marshall vs. Blew.*— *Cowper* 432.— 1 *Roberts on Wills* 121.

Similar expressions in this will are used as to the widow of the testator, in respect to dower ; and the widow, beyond doubt, has an immediate right to dower, and the full control, during her life, over the land, whereof she is endowed.

The testator and scrivener were both ignorant ; they thought nothing and knew nothing of the doctrine of trusts and uses ; and a refined, technical, black letter intent is not to be imputed ; but the popular and obvious meaning, that the whole sum was to be paid absolutely ; or that she was to have the whole sum forthwith, and use and improve it as she pleased, during her natural life.

In either event, the whole sum is the rule of damage in this case ; and if the sum be wasted in her life, the remedy of the reversioners, whoever they may be, although none are named, must be against her heirs or administrator. The testator requires no security for the reversioners ; and the

Judge of Prob.
*vs.*
Hardy.

court therefore cannot, without altering the bequest, require security.

In no case of a life estate, given by will, in land or chattels, is security required of those, who own the life estate, unless it be required by the testator. If he do not see fit to order security to be given, why should the court ? And if done in one case of a life estate, must it not be done in all ? And how can it be done on legal principles ? What shall be the amount and form of the security ? The legislature alone can reach any evil that may grow out of the want of security in such cases. But evil can seldom happen through want of security, as the testator can always require it, if he do not choose to confide in the legatee for life without security.

The court is not empowered to make new wills, nor new laws ; nor to designate trustees, where the testator has not ; nor to substitute, in a legacy, the interest of a certain sum, instead of the sum itself.

*Noyes,* for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.*

The first question to be decided in this case is, what was the intention of the testator in relation to the legacy of $275 16, given to his daughter *Clarissa Pierce.* We have attentively examined the will, and are of opinion, that the intent was, that *Clarissa* should have the interest only of the $275 16 during her life, and that after her decease the principal sum should be divided among her children. The reasons, upon which we ground this opinion, we shall now endeavor to explain.

We think, that the proviso at the close of the will was intended to apply as well to this particular legacy, as to the residue of the estate, that might remain to be equally divided ; because the phrase, " *that part which is intended for said* " *Clarissa,*" may be, as well at least, understood to mean, *that part of the estate,* as *that part of the residue ;* and because this legacy is given expressly to make her share equal to what had been given to other children of the testator ; and this purpose will not be accomplished, unless this sum is to go to

---

* HARRIS, J. having been of counsel, did not sit.

her children ; for, by the terms of the gift, she is to have only the use of the money during her life.

We think also, that it was the intent of the testator, that this sum should be reserved for the use of *Clarissa* and her children, and that the husband of *Clarissa* should have no control of it. No motive for giving this legacy in the manner it is given can be conjectured, unless such were the objects. It is not said in express terms, that the legacy is given for the separate use of *Clarissa* ; but this is strongly implied in the manner of the gift. The use only is given, and that only for life. The money after her death, is to be divided among her children. This clearly shews, that the husband of *Clarissa* was not the object of the testator's bounty.

Believing then, as we do, that it was the intent of the testator, that *Clarissa* should have the use of the money during her life, and that at her decease it should be divided among her children, it seems to us, that although the money is in terms directed to be paid to her ; yet such could not have been the intention of the testator. Because, if the money were paid to her, it would at once become subject to the control of the husband, might be scattered by him to the winds, and thus be of no use to her during her life, nor to her children after her decease. This would be most manifestly contrary to the intention of the testator. It is apparent, that the person, who wrote the will, was not well acquainted with the business he undertook to perform, and that no reliance is to be placed on any particular form of expression, he may have seen fit to adopt. The whole will must be taken together, and such construction be put upon it, as will carry into effect the purposes the testator had in view. We must be guided not by the letter, but by the spirit of the instrument. And this *will*, thus interpreted, seems to us to give to *Clarissa* the right to receive only the interest of this legacy. This construction is essentially necessary to preserve the interest of *Clarissa* and her children ; and we cannot doubt, that it is in strict accordance with the real intention of the testator.

Such being, in our opinion, the intent of the testator, the next question is, can it be carried into effect ? It is objected,

Judge of Prob.
vs.
Hardy.
that no trustee is named in the will to receive and manage the money; and that therefore it must from necessity be paid over to the wife. It is true, that no trustee is expressly named in the will. But what the testator had not the skill or the foresight to provide, the law has, in this instance, kindly provided. The executor is the trustee. On this point, the case of *Saunderson vs. Stearns*, (6 *Mass. Rep.* 37,) is a direct authority. And we are of opinion, that the executor in this case has a right to retain this legacy, during the life of *Clarissa*, or until he shall be removed and another appointed, under the statutes of 1820, *cap.* 21 & 45.

The plaintiff is, therefore, not entitled to have execution for the said sum of $275 16, nor of any part of it. But if the interest has not been paid, the plaintiff is entitled to have execution for that.