IN THE

# SUPERIOR COURT OF JUDICATURE.

FOR THE

COUNTY OF STRAFFORD, JANUARY TERM,

## A. D. 1832.

### TRUE TUCKER *versus* JOHN GORDON, Executor.

Wherever a wife is the meritorious cause of an action accruing during the coverture, she may be joined in the suit, or the husband may sue alone.

A husband has the control of a legacy given generally to the wife, and may release or assign it by a deed to which she is not a party.

ASSUMPSIT for a legacy. The cause was tried here, upon the general issue, at August term, 1831, and a verdict taken for the plaintiff, subject to the opinion of the court upon the following case.

Benoni Gordon, the defendant's testator, made his will on the 25th May, 1817, and in December, 1823, died. The defendant caused the will to be duly proved and allowed in the probate court.

Among other legacies, the testator gave to his daughter, Polly Tucker, then and since, the wife of the plaintiff, thirty-eight dollars, payable in two years after his decease, by his executor.

On the 16th October, 1828, the plaintiff, for a valuable

consideration, assigned the said legacy to R. Wilson, for whose benefit this suit is brought. But the wife of the plaintiff did not join in the assignment.

On the 18th October, 1828, Wilson gave the defendant notice of the assignment, and demanded the legacy, which the defendant refused to pay, but afterwards paid the same to the said Polly Tucker.

*I. Bartlett*, and *Lovell*, for the defendant, contended—

1st, That the assignment was inoperative, because the wife did not join in it.

2d, That the action could not be sustained in the name of the husband alone.

*Bell*, for the plaintiff.

*By the court.* We shall first examine the question, whether the wife ought to have been joined in this suit.

In general, for all causes of action, which were complete in the wife, before the coverture, she must be joined in the suit. 1 Chitty's Pl. 17—21 ; 2 Starkie's Ev. 685 ; 1 M. & S. 176, *Ramsey* v. *George* ; Bingham on Coverture, 246 ; 6 B. & C. 253, *Checchi* v. *Powell* ; 3 D. & E. 631.

But wherever she is the meritorious cause of an action, accruing during the coverture, she may be joined in the suit, or the husband may sue alone. 1 Chitty's Pl. 17—21 ; 5 Greenl. 417, *Templeton* v. *Cram* ; 1 B. & B. 443, *Arnold* v. *Revoult* ; 15 Johns. 479, *Decker* v. *Livingston* ; 4 D. & E. 616 ; 2 M. & S. 393 ; 3 East, 331, *Brown* v. *Benson*.

In this case, the implied promise, on which the action is founded, has arisen, and all the circumstances, on which it rests, have occurred, since the coverture. It was, therefore, unnecessary to join the wife in the action.

With respect to the other question made in this case, is it seems to be settled, that in general, a husband has the control of a legacy given to his wife. He may release or assign it, by a deed, or other instrument, to which she is not a party ; and payment to her is no bar to an

action brought by him.   1 Equity Cases Abridged, 301 ;
3 Cowen, 590, *Udall* v. *Kenny* ; 5 Johns. Ch. Rep. 196,
*Schuyler* v. *Hoyle ;* Bingham on Coverture, 216 ; 4 Burns'
Ecclesiastical Law, 319 ; Lovelass, 247—248.

*Judgment for the plaintiff.*