## OLIVE R. PICKERING *versus* JAMES C. PICKERING.

In a suit to recover a legacy charged upon land, it is not necessary, in order to maintain the action, to prove a demand of the legacy, nor a promise, on the part of the defendant, to pay.

The declarations of a wife, in relation to matters done under her direction, while acting as the agent of the husband, are evidence against him.

THIS was an action of assumpsit, in which the plaintiff alleged, that, on the 27th November, 1802, one E. Pickering, being seized of certain real estate, made his will and devised certain lands to the defendant and E. P., provided the defendant should pay the plaintiff, annually, from the decease of the testator, the sum of twenty dollars, during her life ; that the testator died, on the 12th January, 1803 ; and afterwards the will was prov-

ed, and the defendant accepted the devise and promised the plaintiff to pay her said sum, according to the will. The action was commenced on the 6th July, 1831.

The cause was tried here, upon the general issue, at August term, 1832, when it appeared in evidence that the plaintiff was a sister of the defendant, and had resided in his family, from the time of the decease of the testator, until October, 1828, when she left his house, and has not since resided there. Evidence was introduced to prove a demand of the legacy by the plaintiff, but the court, being of opinion that no demand was necessary in order to maintain the action, directed the jury accordingly.

The defence, upon which the defendant relied, was, that it was understood and agreed by the parties, that, during the time the plaintiff should reside in the family of the defendant, her board was to be a satisfaction for the annuity, and for any services she might render to the defendant. And the court instructed the jury, that, if they were satisfied that there was such an understanding and agreement between the parties, the plaintiff was entitled to recover the annuity, which became due between October, 1828, when she ceased to reside in the defendant's family, and the 12th January, 1831, with interest upon the annuity from the times it might have become due, and no more. But if they were not satisfied that there was such an agreement and understanding, then the plaintiff was entitled to recover the amount of the annuity, from the death of the testator, up to January 12, 1831, and interest upon the several sums, as they became due, up to the present time.

It was contended, on the part of the defendant, that, under the circumstances of the case, it was to be presumed that the plaintiff was to pay for her board in the family of the defendant. And, in relation to this, the court instructed the jury that the circumstance of the plaintiff's residing in the family of her brother, and aiding, as

Pickering
v.
Pickering.

it appeared from the evidence she did, in the cares and labors of the house, did not afford so strong a ground to presume a promise, on her part, to pay for her board, as the circumstance of a stranger simply boarding in the family would have furnished. But if, under the circumstances, they could infer such a promise, it would be no defence in this case, unless they were also satisfied that it was understood, between the parties, that the board was to be received in payment of the annuity, there being no set-off filed in the case.

The plaintiff gave in evidence the admissions of the defendant's wife as to the value of the plaintiff's services, not made in the presence of her husband. To this the defendant objected, but it was admitted.

The jury returned a verdict for the amount of the legacy, from the death of the testator, to January 12th, 1831, and interest. The defendant moved for a new trial.

*Sullivan* and *Goodrich,* for the defendant, contended, that the action could not be maintained without proving a demand. 14 Mass. Rep. 431 ; 3 Pick. 213. The action does not lie without a special promise. 3 Johns. 189 ; 7 ditto, 105 ; 3 Pick. 213.

The declarations of the wife were not evidence. 10 Johns. 38 ; 2 Starkie's Ev. 707.

*I. Bartlett,* for the plaintiff, cited 2 Pick. 619; 7 ditto, 296 ; 3 Cowen, 133.

*By the court.* It is contended, in this case, that no action can be maintained, for a legacy, without showing an express promise, on the part of the executor, to pay.

In England, where a legacy is not specific, but merely a gift out of the general assets, a court of common law will not entertain jurisdiction to compel payment of it, even though the executor admit the legacy to be due, and that he has assets, upon the ground that a court of common law is, from its rules, incompetent to administer that complete justice to the parties, which courts of

equity have the power, and are in the constant habit of *Pickering*
doing.   5 D. & E. 690, *Decks* v. *Strutt* ; 5 Vesey, 516 ; *Pickering.*
Peake's N. P. C. 73, *Farish* v. *Wilson.*

But, even in England and New York, an action at common law may be maintained, for a legacy, where there has been a special promise to pay.   Cowper, 289, *Hawkes* v. *Saunders* ; Ventris, 120, *Davis* v. *Wright* ; Cowper, 284, *Atkins* v. *Hill* ; 1 Niel Gow, 74, *Gorton* v. *Dyson* ; 7 Johns. 99 ;  10 ditto, 30 ; 3 Car. and Payne, 205, *Gregory* v. *Harman* ; 4 Espin. N. P.  C. 154, *Doe* v.  *Grey* ; 3 East, 120, S. C.

In this state, and in Massachusetts, there never has been any way in which the payment of a legacy could be enforced, except by a suit at the common law.   And in this state, by a provincial act of the 13th Anne, it was enacted, that legacies might be recovered at the common law.   Such actions have always been sustained here without any proof of a special promise.   2 N. H. Rep. 439, *Piper* v. *Piper* ; 4 Mass. Rep. 634, *Farwell* v. *Jacobs.*

And we are of opinion, that it is in no case necessary to show a special promise in order to maintain an action for a legacy.

It is further contended, on behalf of this defendant, that the action cannot be maintained without showing a demand of the legacy, and a neglect, or refusal, of the devisee to pay.

In general, no action can be maintained for a legacy, against an executor, without showing a demand.   3 Pick. 218 ;  14, Mass. Rep. 431.

The reason of this is, that it is not the duty of the executor to seek the legatee, but it is enough if he pay when the legatee comes and demands payment.

The question is, whether, in this respect, a devisee, in a case like this, stands on any other ground than that on which an executor stands ?   We are of opinion that he does stand on different ground.   When he accepts

ROCKINGHAM.

Pickering
v.
Pickering.

the land he becomes a debtor, by reason of the land, for the legacy, and, like any other debtor, is bound to pay without a demand. He stands on the same ground as if he had expressly promised to pay.

It is said, on behalf of the defendant, that the declarations of his wife were improperly admitted in evidence against him. But it seems to us that it must be presumed, until the contrary appear, that the wife conducted and managed the household affairs as the agent of her husband, and that, whatever the plaintiff did, was done under the direction of the wife, thus acting as agent. Her declarations, then, in relation to matters done under her directions while acting as the agent of her husband, are clearly admissible in evidence against him. 2 Starkie's Ev. 46, and 57. 1 Bing. 199, *Clifford v. Burton ;* 10 Johns. 38, *Fenner v. Lewis ;* 1 Espin. N. P. C. 142, *Emerson v. Blonden ;* 1 Holt's N. P. C. 591, *Anderson v. Sanderson ;* 2 Starkie's N. P. C. 204, S. C.

*Judgment on the verdict.*