## PAYNE & UX. *vs.* SMITH.

A previous demand is necessary, in order to sustain an action for a legacy.

Where a demand is made by attorney, the party has a right, at the time, to require reasonable evidence of the authority of the individual to make it; but, if no exception is taken at the time, then a subsequent commencement of a suit by the party in whose behalf it was made, claiming under such demand, is a ratification of the demand, and is *prima facie* evidence that is was made by his authority.

Where the declaration commenced in debt, but alleged "a *promise* of the defendant to pay, whereby he became liable," &c., and exception was taken that it was a declaration in assumpsit—*Held*, not to be sufficient cause for arrest of judgment.

Where exception was taken that such count contained no allegation of *per quod actio accrevit*—*Held*, to be sufficient after verdict.

DEBT, for a legacy given in the last will and testament of William Wood, deceased. This action was founded on the following clause in the will of Wood, to wit: " I give and bequeath to Sally Payne, wife of Samuel Payne, the sum of twenty dollars, to be paid in three months after my decease."

To show a demand of the legacy, the plaintiffs produced a power of attorney, dated March 7, 1838, purporting to be executed by the plaintiffs, and to be attested by William Johnson. This was a general power to Levi Wilson to demand and receive of said Smith all sums of money in his hands belonging to the plaintiffs, or either of them.

Wilson presented this power to Smith, and demanded the legacy. Smith said he was not satisfied that the signature of Sally Payne was her hand writing, but made no other objection.

This power was dated " Morriston, New-York," where the plaintiffs resided. The plaintiffs proved the hand writing of Sally Payne, but did not prove the hand writing of Samuel Payne, or of the subscribing witness; neither did he call the subscribing witness.

The plaintiffs also proved that previous to the demand with the power, Wilson called upon Smith, with a receipt in these words: " Morriston, August 27, 1837. Received of

Payne *v.* Smith.

Micajah M. Smith twenty dollars, in full for a dower in William Wood's estate," purporting to be executed by the plaintiffs, and to be witnessed by Daniel W. Hall; and proved that Smith agreed with Wilson that if he could procure a receipt in those words from Mrs. Payne, he would pay him the money. Wilson demanded the money, and Smith objected to the sufficiency of the receipt, on the ground that the word dower should have been legacy; and made no other objection. The plaintiffs proved the hand writing of Sally Payne to this receipt, but did not prove the hand writing of Samuel Payne, nor did they call the subscribing witness, or prove his hand writing.

The plaintiffs also proved by Wilson, that Mrs. Payne had written to him to collect the legacy of Smith, or commence an action for the same, and that he employed J. Kittredge, Esq., to collect the same. Kittredge, after he was so employed, and before the commencement of this suit, made a demand of the legacy of the defendant, but the letter was not produced, nor its absence accounted for; no exception, however, at the time was made as to Kittredge's authority, nor any excuse given why payment should not be made to him: to the admission of all which the defendant objected, but the court admitted the same, and a verdict was taken for the plaintiffs, which the defendant moved to set aside. He also moved in arrest of judgment. The grounds of the motion in arrest appear in the arguments of counsel and the opinion of the court.

*Blaisdell, & Weeks,* (with whom was *Wilcox,*) for the defendant. 1. The power of attorney authorizing a demand, was not duly authenticated. The defendant objected to it, that he was not satisfied that it was signed by the wife of the plaintiff. Specifying one objection merely is no waiver of others. Neither the hand writing of the husband or of the witness to the signature was proved. Proof of the hand writing of the witness is always essential. 6 *N. H. Rep.* 564, *Farnsworth* vs. *Briggs;* 1 *Stark. Ev.* 330.

The same objections apply to the receipt offered in discharge of the legacy. It was also informal and insufficient.
A demand was made by the plaintiffs' attorney in this suit, but no evidence was offered that he was authorized to make such demand.

2. Debt will not lie for a legacy. The common action brought, so far as suits are sustained at common law for a legacy, is assumpsit, as will appear generally by reference to cases upon this subject. 7 *Johns.* 99, *Beecher* vs. *Beecher ;* 10 *Ditto* 30, *Van Orden* vs. *Van Orden ; Cowp.* 284, *Atkinson* vs. *Hill ;* 2 *N. H. Rep.* 186, *Stevens & ux.* vs. *Kent ;* 2 *Ditto* 282, *Morrill* vs. *Morrill ;* 5 *N. H. Rep.* 564, *Tucker* vs. *Gordon.* Ordinarily, debt will not lie, except when an *indebitatus assumpsit* count might be sustained.

3. The declaration purports to be in debt, but counts on a promise, as in assumpsit. It alleges "that the defendant assented to the legacy, and promised to pay the same, whereby the defendant became liable," &c. This in debt is bad. 3 *Barn. & Ald.* 208, *Brill* vs. *Neele ;* 2 *Smith's R.* 618, *Smith* vs. *Smith.* Where the plaintiff declares in case, and the averments in the declaration show a trespass, the declaration is bad on demurrer, and even after verdict judgment will be arrested. 11 *Mass. R.* 220, *Agry* vs. *Young ;* 4 *Johns.* 450, *Vail* vs. *Lewis ;* 1 *Met. & Perk. Dig.* 71.

4. The count contains no allegation *per quod actio accrevit,* &c. Wherever the debt accrues merely by the judgment or obligation declared on, and not from any thing *dehors,* a non-performance of the obligation is to be laid with the breach, *ad damnum,* &c. But where the debt arises, not by the obligation alone, but also by some matter *dehors* stated in the declaration, then the count should conclude, *per quod actio accrevit.* 1 *Chit. Plead.* 311. Here the matter *dehors* is the receipt of the assets by the executor.

*Kittredge,* for the plaintiffs. No demand is necessary. Where the executor accepts the trust, and has sufficient

Payne *v.* Smith.

assets, an implied promise, or immediate indebtedness arises, and suit may at once be brought.

Besides, the defendant made no objection to the power of attorney authorizing a demand, except as to the signature of the wife, which signature was immaterial. *5 N. H. Rep.* 565, *Tucker* vs. *Gordon.* The objection to the receipt tendered, was to its form, and not as to the fact of its execution. The form was according to the agreement of the parties, and is binding. To the last demand by the attorney, no objection of any kind was made. Either demand, we contend, is sufficient.

We never before heard it suggested but debt would lie for a legacy. If assumpsit should be held to be the better mode of declaring, it is clearly not the only mode.

The exceptions taken in arrest of judgment would hardly be sufficient in abatement, and cannot prevail after verdict.

UPHAM, J. It has been contended in this case, that no demand was necessary as a previous requisite for the maintenance of this suit. The contrary of this is holden in the case, *Pickering* vs. *Pickering*, 6 *N. H. Rep.* 120. The reason for a demand is there alleged to be, that it is not the duty of the executor to seek the legatee. It is enough if he pay when the legatee comes and demands payment. That case was held to be an exception to the general rule. The legacy was there charged as an annual payment on land, and the defendant, having entered upon and accepted the land, was held bound to pay without demand, on the ground that an acceptance of the land charged with the payment of the legacy, was equivalent to a promise of payment, and a demand was unnecessary. But the general rule was declared to be otherwise.

In *Miles* vs. *Boyden*, 3 *Mass. R.* 213, it was holden that an action against an executor to recover a legacy, whether the suit was on a probate bond, or at common law, could not be maintained without a previous demand; and the 14 *Mass. R.* 428, *Prescott* vs. *Parker*, is to the same point.

A demand, then, being necessary prior to the suit, the question arising in this case is, whether such demand was made.

The plaintiffs reside without the government, and a demand was attempted to be shown of the legacy, by Levi Wilson, under a power of attorney from the plaintiffs. It was contended that the demand by him was void, on the ground that the power of attorney was not duly authenticated.

Where a demand is made by attorney, the party has a right to require reasonable evidence of the authority of the individual to make it ; but if no exception is taken at the time, then a subsequent commencement of a suit by the party in whose behalf it was made, claiming under such demand, is a ratification of it, and is *prima facie* evidence, at least, that it was made by his authority.

It is a general rule that if a person act as the agent or attorney of another, and the principal afterwards adopts, or confirms those acts, they will be considered as his acts, and as binding as if a precedent authority had been given. 8 *Mass. R.* 113, *Herring & a.* vs. *Polley ;* 12 *Ditto* 185, *Kupfer & a.* vs. *South Parish of Augusta ;* 13 *Ditto* 178, *Odiorne* vs. *Maxcy & a. ; Ditto* 391, *Boynton* vs. *Turner ;* and in case of a demand, if the individual makes no objection at the time, he is precluded from afterwards objecting, where the demand is ratified and suit is brought upon it.

There are cases where it is holden that if an attorney undertakes to act for another, and does so act, it will be presumed that he was duly authorized. 5 *Mass. R.* 53, *Hatch* vs. *Smith & a.* We doubt as to any presumption of agency from the acts of the agent alone ; but where a party subsequently sets up these acts, it is evidence of a ratification.

In *Marr* vs. *Plumer*, 3 *Greenl.* 73, a note was indorsed for the use of another, who was absent and had no knowledge of the indorsement, and a suit was commenced in his name. After his return he adopted the suit, and claimed the

note as his own. It was holden that this subsequent assent was a ratification of the previous acts in his behalf, and that the objection that the plaintiff had no interest in the note at the commencement of the suit, could not be sustained.

In the present case, a demand of the legacy was in the first instance made by Wilson, purporting to act as the agent of the plaintiffs. Exception was taken at the time to his authority, on the ground that the defendant was not satisfied that the signature of the plaintiff's wife was in her hand writing. No other exception was taken, and it must be regarded that the power was conceded to be right in other respects. 2 *Maule & Sel.* 265 ; 1 *Serg. & Rawle* 393, *Coe* vs. *Hutton;* 5 *Har. & Johns.* 119, *Battus* vs. *Sellers.* The exception to the demand was solely as to the signature of the wife ; and if her signature was immaterial, as there is but little reason to doubt, the demand might be well enough without it. 5 *N. H. Rep.* 564, *Tucker* vs. *Gordon ;* 20 *Pick.* 521, *Hayward* vs. *Hayward ; Toller's Ex.* 320.

In the second instance of demand by Wilson, the objection taken was as to the form of the receipt obtained as a discharge of the legacy, and not as to its execution ; and if this receipt was a valid discharge of the claim, and no other objection was made, this demand would be sufficient.

But, however this may be, there was a third demand made by the attorney in this suit, to which no objection was taken ; and the present suit, brought by the plaintiffs, is based on this demand. This, as we have before remarked, is such a ratification of the demand then assented to, or not denied by the party, as to constitute evidence of authority from the plaintiffs to make it, until the contrary is shown.

We think, therefore, there is sufficient evidence of a demand. But motion has been made in arrest of judgment, for various reasons, which must be examined.

It is contended, in the first place, that debt will not lie for a legacy, and that the action should have been assumpsit.

The general rule as to action of debt is, that it lies in all

cases whenever the demand is for a sum certain, or is capable of being readily reduced to a certainty ; and it is holden to be a more extensive remedy for the recovery of money than assumpsit, or covenant ; but it is not a proper remedy where the demand is rather for unliquidated damages than for money. 1 *Ch. Pl.* 101.

In England, all pecuniary legacies out of the general assets of an estate must be enforced in equity. In cases, however, where legacies are charged on land, remedy may be had at common law ; and it is said by Chitty, that assumpsit will lie in such case, though debt is most usually brought. Assumpsit will also lie in England for a specific legacy. 1 *Chit. Pl.* 91.

Assumpsit lies for a pecuniary legacy in Pennsylvania, without any express promise of the executor; also in Massachusetts and Connecticut. 5 *Binn.* 33, *Clark* vs. *Herring ;* 4 *Mass. R.* 635, *Farwell* vs. *Jacobs ;* 2 *Root* 156, *Warren* vs. *Rogers ;* and with an express promise in New-York and North Carolina. 7 *Johns.* 99, *Beecher* vs. *Beecher ;* 2 *Hay.* 153, *McNeil* vs. *Quince ;* 1 *Met. & Pick. Dig.* 107, 108.

We have no doubt debt would lie in either case, and is the more general remedy. In Dane's Abridgement it is said, " where a legacy is given for a sum certain, debt has been, and may be brought ; yet declarations for legacies are in no prescribed form, but, like many declarations in case, are framed according to the right and circumstances of each case ; and, therefore, will vary as different legacies are bequeathed on different grounds." 5 *Dane's Ab., ch.* 147, § 3 ; 12 *Mass. R.* 537, *Bartlett & a.* vs. *King ;* 7 *Conn. R.* 132, *Knapp* vs. *Hanford & al.*

But it is farther contended, that the declaration is neither in debt or assumpsit ; and motion is made in arrest of judgment for this cause. The commencement of the declaration is in debt, and, after setting forth the fact of the legacy, alleges that the executor accepted the trust, and promised to pay the legacy to the plaintiffs, whereby he became liable, &c.

Payne *v.* Smith.

In 1 *Chitty's Pleading* 348, it is said that debt on *quantum meruit* and *quantum valebant* counts resembles those in assumpsit, except that the words, " *agree to pay*, are usually inserted instead of *promise to pay*." This is undoubtedly the more accurate form, though we do not regard it as essential. Debt will lie on a promissory note. 17 *Mass. R.* 222, *Martin* vs. *Root;* 1 *Cranch* 290. In such case the evidence shows a promise to pay, which is sufficient; and if sufficient as a matter of evidence, it would seem to be sufficient in the declaration.

It is farther objected, that the count contains no allegation *per quod actio accrevit*, and that where the obligation to pay arises not merely from the instrument declared on, but also on some matter *dehors* stated in the declaration, the count should conclude *per quod actio accrevit*. 1 *Chit. Pl.* 347; and that here the matter, *dehors* the instrument declared on, is the receipt by the executor of assets sufficient for the payment of the legacies.

The answer to this exception is, that the declaration complies with the rule in substance. The declaration, after stating the legacy and assets received, alleges " that the executor assented to, and promised to pay the same, whereby the defendant became liable to the plaintiffs to pay said legacy," which is equivalent to saying whereby a right of action hath accrued for the same. In either case it is a mere assertion of a liability to a suit, and, after verdict, we have no doubt it is a sufficient allegation that a right of action hath accrued.

The motions in arrest do not prevail; and, a sufficient demand having been shown, there must be

*Judgment on the verdict.*