CRENSHAW, GUARDIAN, &C. V. HARDY.

1. Upon the settlement, by the Orphans' Court, of the accounts of the guardian of a female ward who has married, the decree should be rendered in favor of the ward and her husband jointly.
2. Where an execution is unauthorised by the judgment, a *supersedeas* is the proper remedy, or when the Court, from which it issued, is in session, a motion to quash will be entertained.

UPON the settlement of the account of the plaintiff in error, as guardian of Susan Crenshaw, who had intermarried with the defendant, the Orphans' Court of Lowndes rendered a decree for the sum ascertained to be due against the plaintiff, in favor of the husband alone. About two years after the rendition of the decree, an order was made by the Orphans' Court, that the defendant in error have execution of the same.

To revise these proceedings, the guardian has sued a writ of error to this Court.

BOLING, for the plaintiff in error.
COOK, for the defendant.

COLLIER, C. J.—The wife must be joined with the husband in a suit for the recovery of a debt due to her before marriage, or wherever the cause of action would survive to her. Huggins v. Durham, 2 Strange's Rep. 726; Gratz, *et al.* v. Phillips, 1 Penn. Rep. 333; Swan v. Guage, 1 Hayw. Rep. 3; Tucker v. Gordon, 5 N. H. Rep. 564; Clapp v. Inhabitants of Stoughton, 10 Pick. Rep. 463. In the present case, it is true, that no formal suit was brought against the guardian, but without a citation, he came into Court and submitted his accounts for adjustment, yet the decree for the sum ascertained to be due, should have conformed to the liability; or in other words, should have been in favor of the parties who were entitled to sue. This conclusion would seem necessary to follow from the fact, that the decree is declared by statute, to have the force and effect of a judgment at law, and execution may issue thereon. That the sum adjudged to the husband, would have survived

to the wife, cannot be disputed, and hence it follows, that the decree is erroneous.

The objection that the Orphans' Court awarded an execution in favor of the husband, cannot be noticed on error. Such an order was supererogatory, the statute having declared the effect of the decree. Where an execution is unauthorised by the judgment, a *supersedas* is the proper remedy, or when the Court from which it issued is in session, a motion to quash will be entertained. Nichols, *et al.* v. Wolfersberger, 6 Sergeant & R. Rep. 167. The case of McLeod v. Mason, 5 Porter's Rep. 223, in this respect, is unlike the present—there, the order for an execution was regarded as a part of the decree.

Upon the first ground considered, the decree is reversed, and the cause remanded.