## WELLS *v.* TYLER, EX'R.

Where a testator gave to his married daughter several shares in certain corporations, " to hold to her and her heirs forever "—*Held*, that the bequest was absolute, and that the husband might reduce the same to possession.

A legacy to a wife does not vest absolutely in the husband. He has a right to reduce it to possession, or permit her to hold it to her separate use. If he does not exercise his rights over it, it survives to her in case of his death. If he survives her, he is entitled to administration, and to recover it to his own use.

ASSUMPSIT. It was agreed by the parties that judgment should be rendered for either party, as hereinafter specified, according to the opinion of the court upon the following statement of facts:

On the 24th day of March, 1851, John Spaulding, the defendant's testator, died, having made his will, in and by which he devised and bequeathed to his daughter, Mary Wells, wife of the plaintiff, as follows: " I give and bequeath to my daughter, Mary Wells, wife of Philander B. Wells, one thousand dollars, to be paid to her or her heirs at the decease of my wife; except my wife shall think best to pay it, or cause it to be paid, or any part thereof, during her life time, to my said daughter. Also, twelve shares in the Lowell Bank, in Lowell, two shares in the Nashua Bank, at Nashua, one share in the Taylor's Falls Bridge Corporation, eight shares in the Vermont Central Railroad, three shares in the Passumpsic Railroad, and three shares

in the Northern Railroad, to hold to her and her heirs forever."

At the time of the decease of said John Spaulding, the said Mary Wells, wife of the plaintiff, was living, and then was, and has ever since continued to be, an insane person. John Spaulding, at his decease, was the owner of the said shares, and the same have come into the hands of the defendant, as executor of his will. The plaintiff has duly demanded of the defendant the delivery and assignment to him of the shares, and the defendant has refused so to deliver and assign the same.

And it is agreed by the parties that all objections to the form of action and the sufficiency of the demand shall be waived, and that if the court shall be of opinion that the plaintiff is entitled to have and receive of the defendant an assignment and delivery of the shares by virtue of the provisions of the will, then judgment shall be rendered for the plaintiff for the sum of $1500, and costs; but if otherwise, then judgment to be rendered for the defendant, for his costs.

*Stevens*, for the plaintiff.

*Atherton & Sawyer*, for the defendant.

EASTMAN, J. The decision of this case lies within a very narrow compass. All exceptions to the form of the action and the sufficiency of the demand being waived by the agreement of the parties, the only questions presented for our consideration, arise upon the construction to be given to the will of Spaulding, and the rights of the husband of the legatee.

There is no suggestion that the event upon which the $1000 were to be paid to the wife of the plaintiff, has yet arrived; and there is no controversy between the parties in regard to that sum. The action is brought to recover only the shares in the several corporations.

The thousand dollars were dependent upon the life and decision of the testator's wife, but the shares he gave to his daughter, the plaintiff's wife, " to hold to her and her heirs forever." The bequest of the shares was absolute and unconditional, without restriction in any way whatever. They were not given to her, for her sole and separate use, free from the interference and control of her husband, but " to her and her heirs forever." They do not, therefore, come within the decision of *Judge of Probate* v. *Hardy*, 3 N. H. Rep. 147, and of *Pierce and wife* v. *Dustin*, 4 Foster's Rep. 417. Nor are they affected by the provisions of the act of 1846.

A legacy to a wife does not vest absolutely in a husband. He has a right to reduce it to possession, or permit her to hold it to her separate use. If he does not exercise his rights over it, it survives to her in case of his death. If he survives her, he is entitled to administration, and to recover and receive a legacy or a distributive share in which she is interested, to his own use. *Parsons* v. *Parsons*, 9 N. H. Rep. 309, 321; *Marston* v. *Carter and Trustee*, 12 N. H. Rep. 159; *Tucker* v. *Gordon*, 5 N. H. Rep. 564.

And where a legacy is given in general terms to a wife, without restriction, the husband may reduce it to possession, or he may, for a valuable consideration, release or assign it by a deed to which she is not a party. *Pierce and wife* v. *Dustin*, before cited.

These authorities settle the matter, and there must therefore be,

*Judgment for the plaintiff.*