## MEHITABLE WEEKS *versus* IRA WEEKS, executor.

When a husband, by will, directs that his widow shall have and receive during her life one third of his personal property, she is entitled to have the possession of the goods without giving security to those to whom the property is to go after her decease.

THIS was an action of assumpsit brought by the plaintiff to recover the personal estate bequeathed to her by the will of her deceased husband, Walter Weeks.

It was agreed between the parties that Walter Weeks made his will, bearing date the 21st May, 1825 ; that the said will had been duly proved and allowed, and that the defendant had accepted the trust of executor.

The will contained the following clause, " It is my will and intention, that my beloved wife, M. Weeks, have and receive during her natural life, one third part of my estate both real and personal, which I may possess at the time of my decease."

The testator directed that one half of the furniture bequeathed to his wife, should, after her decease, go to his daughter, S. A. Taylor, and the other half to his grand daughter, H. W. Robbins.

All the estate, of which no other disposition was made, was given to Ira Weeks, the executor.

The testator left, at the time of his decease, notes of hand due and payable to himself, the principal of which amounted to $2877,68, and $56 in money. No part of

the notes, or the money, or the interest thereon, has ever been paid or delivered to the plaintiff, although duly demanded.

Prior to the commencement of this suit, the defendant was duly cited to settle the account of his administration in the probate court, which he neglected to do.

The question submitted to the decision of the court, was, whether the plaintiff was entitled to the money and the principal of the notes, or the money which had been collected from them, or only to the annual interest?

*Tilton,* for the plaintiff.

*Sullivan,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

In ancient times there could be no limitation over, of a chattel after a gift for life, but such a gift carried the absolute property. Afterwards a distinction was made between the use and the property. The use might be given to one for life, and then the property afterwards to another. But this distinction is now disregarded. The law admits of a limitation over by will of a chattel interest after a life estate in the same. But it is now settled, that a gift of a chattel for life is a gift of the usufruct only. When, however, the chattels are of such a nature that the use consists in the consumption, a gift of them for life seems now to be considered as an absolute gift, and there can be no limitation over. 5 Johns. C. R. 334, *Westcott* v. *Cady*; ditto, 21, *Gillispie* v. *Miller*; 3 Merrivale, 193; Lovelass, 136; 1 P. Williams, 1, *Hyde* v. *Parrott*; ditto, 502 and 651; 4 Burn's Eccl. Law 144; 1 Equity cases Abridged, 361; 2 Pick. 243.

There seems to have been much doubt among judges what a person, having a limited use of personal property bequeathed to him, is to do. Some have thought that the property must be turned into money, and the interest only paid to the legatee. Others have thought that this would be a very rigid construction; and it is now settled, that the tenant for life is to have the possession, and is

not to be compelled to give security, but only to exhibit an inventory. 5 Johns. C. R. 349 ; 3 P. Williams, 336 ; 3 Merrivale, 193 ; Lovelass, 136 ; 4 Burn's Eccl. Law, 144 ; 1 Brown's Ch. R. 279, *Folley* v. *Burnet*

But a testator may make provision in his will for the security of those to whom the property is ultimately given. There is an instance of such a provision in a will in Cro. Car. 343, where serjeant Davis gave by will certain property to his wife during her widowhood, she giving good security to leave the same at the day of her death, or second marriage, whichever should first happen, to his daughter.

And there are cases in which a court would, for the security of those to whom the property is finally to go, leave it in the hands of the executor, and give to the legatee only the interest, although the property itself might in terms be given. An instance of this kind occurred in the case of *Claggett* v. *Hardy*, 3 N. H. Rep. 147. That was the case of a father making provision for a married daughter and her children ; and we were of opinion that taking the will altogether, it was manifest that the testator could not have intended that the money should go into the hands of the daughter, and that a proper provision for the security of her children was omitted, from want of skill in the person who drew the will.

In the case now before us, the testator was making provision for his widow, and such a provision is entitled to a liberal interpretation. 3 Vesey, 312. We see nothing in the case which can lead to a doubt, that the testator intended his widow should have the possession of the property given to her by the will.

It is true, the widow may expend the property and leave nothing to answer for it. But this must have been known to the testator ; and yet he did not see fit to provide that she should give security.

It is, therefore, a fair presumption that he had entire confidence in her integrity, and thought that no security

was necessary. And under the circumstances, we see no reason why she is not entitled to have the money. If, when she dies, she leaves any estate, it will be answerable. If she marries again and the property goes into the hands of a second husband, he will be accountable. 1 P. Williams, 651, *Upwell* v. *Halsey* ; 5 Johns. C. Rep. 334, *Westcott* v. *Cady.*

*Judgment for the plaintiff.*