## Poor *vs.* Hazleton & Tr.

Whether the release of the expectancy of a share in the estate of a living person, without his knowledge and assent, is a sufficient consideration for a promissory note, *quære?*

Where the consideration for a note proceeds from the rights or property of a wife, and the note is, with the husband's assent, made payable to her, he may refuse to reduce it into his possession, and permit her to hold it for her separate use, as against his creditors.

But if the husband has once reduced his wife's *choses in action* into possession, his creditors are entitled to the benefit of them.

Including a wife's *chose in action* in the schedule of property filed by a bankrupt, is not of itself such a reduction into possession, or dissent to her separate holding of it, as to subject it to his creditor's claims.

Poor *v.* Hazleton & Tr.

Whether a general assignment in bankruptcy transfers the rights of the husband to reduce the property of the wife into possession to his assignee, *quære?*

FOREIGN ATTACHMENT. By the disclosure of Nathan Grimes, junior, the person summoned as trustee, it appeared that on Oct. 20, 1842, he signed a note for $125.00, payable to the wife of Clark Hazleton, the principal debtor, or bearer, in December, 1843 ; and that it was given for her interest in, or portion of her father's estate, in consideration of which note said Hazleton and his wife executed a discharge of their claim to her father's property. It appeared also that her father was still alive at the date of the disclosure.

At the time of the disclosure, the trustee had not been notified of any assignment of the note, otherwise than by a letter from David Dickey, Esqr., (who, as he was informed, was said Hazleton's assignee in bankruptcy,) which stated that the note was included in his schedule of property filed in connection with his petition in bankruptcy.

The principal debtor appeared in court, in obedience to a special rule, and disclosed that the note was in the hands of one Baldwin, who upon notice also appeared, and testified that he had no claim to the note other than that the wife of said Hazleton, a few days after it was given, delivered it to him to keep for her use, and that he still retained it.

The principal debtor, in answer to interrogatories propounded to him, stated that he was not present when the note was given, and did not know to whom it was given, but understood it was given to his wife, as a part of her portion of her father's estate ; that he and his wife gave a discharge of her claim on her father's estate, as he thought, in October, 1842 ; that the note was never presented to him. He farther answered that he had never authorized any one to transfer said note, and that he had not himself intermeddled with it, or undertaken to interfere or direct in respect to it.

*Wilcox,* for the plaintiff. The trustee has given a note for a consideration in which the debtor joined ; this note did not pass into the hands of a trustee for the wife until some time after it

was given. The husband has become a bankrupt, and described the note as part of his effects, and obtained his discharge.

A negotiable promissory note given to a wife vests absolutely in her husband. *Chitty on Bills* 22, *and cases there cited;* 1 *East* 432; 12 *Conn.* 420; 5 *Green.* 417; 17 *Maine* 301; *Story on Bills,* § 92; 3 *N. H. Rep.* 67; 8 *Mass.* 229; 20 *Pick.* 563. Chattels real survive to the wife, but are liable to be sold for the husband's debts. 2 *Kent's Com.* 134; 2 *Atk.* 511. By a general assignment in bankruptcy it goes to the assignee. 1 *Chitty's Eq. Dig.* 507; 2 *Kent* 138. And if so, there seems to be no reason why the creditor may not hold the maker as trustee.

The description of this note in the schedule, filed in bankruptcy by the husband, was an election to treat it as his property.

*Perley,* for the trustee. The general question in this case was decided in *Wright* vs. *Foord & Tr.,* 5 *N. H. Rep.* 178. Where a note is given to the wife, and intended for her benefit, and not to defraud creditors, it will survive to the wife.

The introduction of the note into the schedule was not a reduction into possession.

PARKER, C. J. It is not quite clear, on the case before us, that this note is upon a sufficient consideration as between the parties to it. It was given in consideration of a release of the wife of her share in her father's estate. The father is still living, and he does not appear, from the case, to have assented to the transaction. It has been held that such a purchase and release of the expectancy of a share in the estate of one who is still in life, is void, as against public policy, because of its tendency to operate as a fraud upon the party whose estate is so far administered upon before his decease. 3 *D. & E.* 93, *Jones* vs. *Roe;* 7 *Mass. R.* 112, *Boynton* vs. *Hubbard.* If, however, the party from whose estate the expectation arises, has knowledge of the contract, and assents, the agreement has been held to be valid. 8 *Pick. R.* 480, *Fitch* vs. *Fitch.*

But the trustee has not attempted to avail himself of this as a ground of defence, probably because the father was in fact assent-

ing. Whatever may be his reason, the case is not one which requires, or perhaps would authorize us, to take the objection for him.

The case finds that the husband has been declared a bankrupt, and it has been argued as if this note was described in the schedule of his property. The case does not so find. It only shows that the assignee notified the trustee that the note was included in the schedule, or to that effect.

The argument of the plaintiff's counsel assumes that he has obtained his discharge, but that is, perhaps, not material. There is nothing that we perceive in the case, to show why, if the note be treated as legally payable to the husband, and as his property, the property in it has not passed to the assignee, whether included in the schedule or not, and whether he has received his discharge or not. If the property had passed to the assignee, and the husband does not see fit to plead his discharge in bar of the action, that could not recall the transfer of the property by the assignment in bankruptcy, or entitle the plaintiff to charge the trustee.

It may be, however, that this suit was commenced before the assignment in bankruptcy, and that supposition will raise the question whether the wife is entitled to hold this note to her own use, and whether the trustee is liable upon it to her.

It is argued that a note, made payable to the wife, vests absolutely in the husband. And this position is fully sustained if the husband seeks to appropriate it to himself and brings an action upon it. 8 *Mass.* 229, *Shuttlesworth* vs. *Noyes ;* 12 *Pick.* 173, *Commonwealth* vs. *Manley ;* 1 *Brod. & Bing.* 443, *Arnold* vs. *Revoult ;* 1 *East* 432, *Barlow* vs. *Bishop.* For the protection of his marital rights, the law enables him to treat the contract as a different one from what it appears to be on its face, and, as it were, to merge the existence of the wife in his own, in order securely to recover the money to his own use.

But this is at his election. The law does not require it of him. He may join her in the action, treating the note as it is, payable to her, in which case the cause of action will survive to her. *Story on Bills,* § 92 ; *Bayley on Bills, ch.* 2, § 3, *and cases cited.* And where the consideration proceeds from her property or rights,

and the note is made payable to her with his assent, we recognize his right to treat it as her separate property, and thus not only give her the beneficial use of it, as against himself and his distributees, but also as against his creditors. The law does not require him to reduce her choses in action into possession for their benefit. *Marston* vs. *Carter & Tr.*, [12 *N. H. Rep.* 159, 164, 165.]

If, however, he has once reduced them into possession, and thereby made them his own property, his creditors are entitled to the benefit of the acquisition.

In this case the consideration of the note proceeds from the wife. It is the release of her share of, or expectancy from her father's estate, in which he had nothing. It appears to have been delivered originally to her. His evidence is that he was not present when it was given; that he had never authorized any one to transfer it; and that he had not himself intermeddled with it, or undertaken to interfere or direct in respect to it, and Baldwin, who now holds it, received it from her not long after it was given, and holds it for her use. The only question remaining is, whether, under such circumstances, the act of the husband, in including it in the schedule of his property, (if it was so included,) is such a reduction of it to his possession, or such a dissent to her holding it as her separate property, as to make it his own, and thus give his creditors a right to claim the avails of it. We are of opinion that it is not. The act of including it is, at the most, equivocal. If it were evidence of a design to appropriate it to the use and benefit of his creditors under the bankruptcy, it might still admit of question whether it was of itself effectual for the purpose. If, as is more probable, it was included merely to obviate possible objections which might be raised on account of its omission, leaving the question whether he had any legal title to it to be settled as the law might determine that question, clearly his act would not change the rights of the wife.

It has been held that a general assignment in bankruptcy transfers the rights of the husband to reduce the property of the wife into possession, to the assignee, empowering him to do what the husband might have done in this respect but for the assignment,

Poor *v.* Hazleton.

and that if the husband dies before the assignee has reduced the property into his possession, the right to it will survive to the wife. 2 *Kent's Com.* 138; 4 *Paige's R.* 73, *Van Epps* vs. *Van Deusen.* If that were so, it could not avail this plaintiff. On the contrary it would effectually defeat him. The assignee has not reduced the property into possession so as to divest the title of the wife; and, if he had, the plaintiff does not claim under him, and could not on that principle claim against him in this case, because the assignee would still have the power to act.

But the right to reduce the wife's property into possession is a marital right. We have held that a creditor is not entitled to exercise it. *Marston* vs. *Carter & Tr., before cited.* And if this may be considered as an open question, we are not by any means satisfied that this right is such a property existing in the husband as that a general assignment of his property, made under an act of bankruptcy, should substitute the assignee to exercise it. But we need not discuss that farther at this time.

*Trustee discharged.*