## ROBERTS *v.* PLACE.

A husband may, by his indorsement, transfer a note, made payable to his wife as administratrix, before the marriage, if neither the wife, nor the sureties in her administration bond, nor others interested in the estate, object. The maker cannot take the exception, in an action by the indorsee.

The power of a *feme sole* administratrix is extinguished by her marriage.

ASSUMPSIT on a promissory note, signed by the defendant, and payable to Prudence Place, administratrix of the estate of George Place, or her order.

It appeared that at the time the note was given, Prudence Place was a *feme sole*, but afterwards intermarried with one John Roberts, who indorsed it, with his own name, to the plaintiff; that it was given in part payment for certain real estate of George Place, sold by license from the judge of probate, and purchased by the defendant. The defendant objected that when Prudence Place married she ceased to be administratrix, and that the note was assets in her hands, not administered upon, belonging to the estate of her intestate, over which her husband had no control, and that for this reason he could not indorse it. The court overruled the objection, the jury returned a verdict for the plaintiff, and the defendant excepted.

*Christie*, for the plaintiff, cited 3 Blackf. 253, *Barnes* v. *Modisett;* 1 T. R. 487; 10 Mod. 315; 3 B. & P. 11; Chit. on Bills 200; 1 Str. 516.

*Hale & Wiggins*, for the defendant.

PARKER, C. J.   Upon the marriage of a *feme sole*, who is at the time the holder of a promissory note, as payee

or indorsee, the property does not vest *ipso facto* in the husband, but the note is a chose in action, which he ·may elect to make his own, by reducing it to possession; (*Parsons* v. *Parsons*, 9 N. H. Rep. 321; *Marston* v. *Carter*, 12 N. H. Rep. 159); in which case his indorsement will transfer the note in the same manner as her indorsement would have done, prior to the marriage. If the husband does not assert his marital rights, the right of action will survive to the wife.

The question then is, whether there is any thing in this case to take it out of the general rule. The note is payable to the wife as administratrix, and it appears that it was given upon the sale, by her, of a part of the estate upon which she administered. Before the marriage she might have recovered it as part of the estate. 1 T. R. 487. If it be regarded as part of the estate, and held by her as such, in her capacity of administratrix, it is clear that the husband had no title to it, and no right to reduce it to possession. Co. Litt. 351, *b*. But the administratrix, upon the sale, might have taken the note to herself, without the addition of administratrix, and have disposed of it afterwards at her pleasure, being accountable upon her bond; and it is well settled that notwithstanding she took it to herself as administratrix, she might afterwards have elected to regard that as mere description, and have transferred it before marriage by her personal indorsement, or have recovered the avails to her own use, in an action in her own name, without any notice of the fact that it was payable to her as administratrix. 3 Blackf. 253. What she might have done before marriage her husband might do afterwards, with her assent, if there was no danger of loss to the estate. The marriage extinguished her authority as administratrix. Rev. Stat., chap. 64, sec. 17. But this did not change the character of the note, so that it thereby became absolutely a part of the estate to which an administrator *de bonis non* would be entitled as a matter of right,

and in the absence of any objection on the part of the wife, or of any one interested in the estate, we are of opinion that it may well be taken to fall within the marital power of the husband, under the general rule, so that his indorsement passed the property.

Whether the husband might exercise the same power, against the express dissent of the wife, we do not determine. She might perhaps well insist that it should be regarded as assets, until she elected to treat it otherwise. Whether her sureties, or those interested in the estate, might not invoke the aid of equity, to restrain her and her husband from an election to treat the note as her personal property, in a case of apparent danger of loss to the estate, is a question also upon which we do not propose to enter. It is obvious that it might be held that the indorsee had sufficient notice, upon the face of the note itself, to put him upon inquiry whether there was any objection to the transfer. 7 Ves. 152, *Hill* v. *Simpson.* But nothing of the kind appears here, and we think the objection coming from the defendant was rightly overruled.

*Judgment on the verdict.*